# EXHIBIT 1

CIVIL ACTION NO. _____        JEFFERSON CIRCUIT COURT
                                                     DIVISION NO. \_\_\_\_\_
                                                     HON. JUDGE _____

*Electronically Filed*

TIMOTHY HOPEWELL, Individually and as        PLAINTIFFS
Administrator of The Estate of Pamela Hopewell

v.        **COMPLAINT**

CONDOR TRANS INC.        DEFENDANTS
1000 Grove Drive, Apt. 1B
Mount Prosepct, IL    60056

  **Serve:**  Kentucky Secretary of State pursuant to KRS 454.210(3)(c)

-and-

DIMITRII CEBANAS
390 Thornhill Court
Apartment D1
Schaumburg, IL 60193

  **Serve:**  Kentucky Secretary of State pursuant to KRS 454.210(3)(c)

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

 Come the Plaintiff, Timothy Hopewell, Individually, and as Administrator of the Estate of Pamela Hopewell, and hereby states the following in support of this action against the Defendants:

## INTRODUCTION

 1. On February 12, 2021, Pamela Hopewell and Timothy Hopewell were travelling on southbound Dixie Highway in Louisville. Meanwhile, a Condor Transport truck was coming upon Dixie Highway from an off ramp. The operator of the Condor truck, Dimitrii Cebanas, began his day before 6:00 a.m. in Chicago, driving a loaded tractor-trailer to Lexington, then driving another load to Louisville. He was in the 13th hour of his workday, bobtailing in severe weather conditions, when he drove the truck directly in front of Pamela and Timothy. The result was a violent crash,

which became deadly the following day when Pamela succumbed to her injuries. Timothy was left disabled and without his wife. This lawsuit seeks all damages to which the Plaintiffs are entitled as a result of the Defendants' actions in causing this fatal crash.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Timothy Hopewell is a resident of Jefferson County, Kentucky. He brings this action in both his individual capacity and as the Adminstrator of the Estate of Pamela Hopewell.[1]

3. Defendant Condor Trans Inc. (Condor) is, upon information and belief, a non-resident USDOT registered motor carrier with its principal place of business in Illinois. Condor does not appear to be registered with the Kentucky Secretary of State, as a foreign corporation or otherwise, and does not have a designated Kentucky registered agent for process. Condor is thus being served through its statutory process agent, the Kentucky Secretary of State, pursuant to KRS 454.210(3)(c).

4. Defendant Dimitrii Cebanas (Cebanas) is, upon information and belief, a CDL licensed commercial vehicle operator who was operating the Condor tractor involved in the subject crash. Cebanas, as an out of state resident, is being served through his statutory process agent, the Kentucky Secretary of State, pursuant to KRS 454.210(3)(c).

5. The incident giving rise to this action occurred on February 12, 2021 in Jefferson County, Kentucky and the damages are in excess of the jurisdictional limits of this Court.

## FACTS

6. At all times relevant herein, Condor was a motor carrier engaged in interstate commerce, registered under USDOT Number 1588474.

---

[1] *See* **Exhibit 1**: Order of Appointment (August 5, 2021).

7. As a motor carrier engaging in interstate commerce, Condor is duty bound to comply with the Federal Motor Carrier Safety Regulations.

8. On February 12, 2021 and at all other times relevant herein, Cebanas was employed by Condor, acting within an agency capacity for Condor and/or otherwise operating a commercial vehicle under Condor's USDOT authority.

9. Cebanas, as a commercial driver operating a commercial vehicle under Condor's authority, was duty bound to comply with the Federal Motor Carrier Regulations.

10. On or before February 12, 2021, Condor Trans knew or should have known that it was required to promulgate policies, practices and procedures and implement the same within its company to prevent distracted and fatigued driving as related to its company drivers and fleet of commercial trucks which are operated in interstate commerce throughout the United States.

11. Included within the respective duties of each Defendant were the obligations, at all times relevant herein, to assure that transports and schedules were not assigned and conducted in manners that caused unreasonable risks of fatigue, distraction, speeding and/or driving in excess of hours of service regulations.

12. Condor, however, routinely disregards its duties and obligations set forth within the FMCSR's.

13. Condor and its drivers, as of the time of this filing, have 117 violations on the last 243 documented inspections between August 2019 and June 2021.

14. The violations demonstrate a pattern of fatigue, speeding, driving excessive hours and distraction.

15. 27 of the violations are in Unsafe Driving categories and another 27 are in Hours of Service Compliance categories.

16. According to the inspection findings, Condor drivers routinely submit false reports of records of duty status.

17. Actions of this nature are indicative of a motor carrier which places profits over safety.

18. On February 12, 2021, Cebanas' GPS records reflect that he began driving for Condor shortly after 6:00 a.m. in the northern Chicago area.

19. Cebanas proceeded to Lexington, which is approximately a 400-mile drive.

20. Many Lexington, Louisville, and other Kentucky roads were in unsafe conditions at this time.

21. The previous day, a state of emergency was declared in Kentucky due to slick roads, power outages, freezing rain, tree damage, and overall hazardous conditions caused by the ongoing winter storm.

22. Cebanas' workday, however, did not end in Lexington.

23. Instead, Condor sent him from Lexington to Louisville, where his workday continued for another two hours after arriving.

24. Shortly after 7:00 p.m., when skies were dark in Louisville and frozen temperatures remained, Condor sent Cebanas back onto the roads to drive into the 13th hour of his workday.

25. Cebanas proceeded to Dixie Highway from the off-ramp of the Gene Snyder Freeway/Interstate 265.

26. Cebanas intended to turn left onto northbound Dixie Highway.

27. This turn entailed crossing two lanes of oncoming traffic, as well as a wide median lane.

28. Cebanas faced multiple stop signs and a stop bar at the bottom of the off ramp.

4

29. Rather than stopping and waiting to make a clear, safe turn, Cebanas instead made the decision to enter the busy intersection without the right-of-way and with oncoming traffic approaching.

30. Cebanas drove the Condor truck directly in front of the Hopewells, who were traveling with the right of way on southbound Dixie Highway.

31. A violent crash ensued.

32. Timothy sustained life-altering injuries.

33. Timothy's wife, Pamela, died from her injuries the following day.

34. Cebanas failed to adhere to simple and basic duties owed to the Plaintiffs, including but not limited to the following:

   a. To use the degree of care, skill and judgment which a reasonable driver would exercise in the same or similar circumstances;

   b. To yield the right-of-way at the intersection to Plaintiffs;

   c. To not enter an intersection against a stop sign when traffic was present in the intended line of travel;

   d. To keep a lookout ahead for persons or vehicles in front of him or near his intended line of travel as to be in danger of collision;

   e. To drive without distraction;

   f. To not operate while fatigued;

   g. To have the truck under reasonable control; and

   h. To comply with the rules set forth in the CDL manual regarding the operation of a CMV.

35. Cebanas' actions were grossly negligent, malicious and with a complete disregard

5

for human life.

36. Condor failed to adhere to simple and basic duties owed to the Plaintiffs, including but not limited to the following:

   a. Assigning schedules and assignments which do not promote fatigued driving, speeding, reckless decisions and/or unsafe, risky and distracted driving;

   b. Properly supervising and monitoring drivers operating under its authority;

   c. Ensuring that its drivers do not operate commercial vehicles while distracted and/or fatigued; and

   d. Ensuring that its drivers meet and comply with the minimum safety standards set forth in the FMCR's.

### Count One – Negligence, Gross Negligence (Cebanas)

37. The Plaintiffs re-allege the allegations above and incorporate the same by reference herein.

38. The Defendants each breached their respective duties of reasonable care owed to members of the roadway, including the Plaintiffs.

39. The Defendants' actions were negligent, reckless, grossly negligent, malicious, careless, willful and wanton and were direct and proximate causes of the Plaintiffs' injuries and damages, including but not limited to those associated with Pamela Hopewell's death.

### Count Two – Negligence Per Se (Cebanas)

40. The Plaintiffs re-allege the allegations above and incorporate the same by reference herein.

41. That, pursuant to KRS 446.070, "person[s] injured by the violation of any statute may recover from the offender such damages as [they] sustained by reason of the violation,

although a penalty or forfeiture is imposed for such violation."

42. That Cebanas violated KRS 189.330.

43. That KRS 189.330 was enacted to prevent crashes such as the one which occurred in this case.

44. That Defendant Cebanas' violations of the referenced right-of-way statute was a direct and proximate cause of the subject crash and resultant damages to the Plaintiffs.

### Count Three – Vicarious Liability & Respondeat Superior (Condor)

45. The Plaintiffs re-allege the allegations above and incorporate the same by reference herein.

46. That Cebanas, at all times relevant herein, was operating in an employment and/or agency capacity for Condor.

47. That Cebanas, at all times relevant herein, was acting within the scope and course of his employment and/or agency relationship with Condor.

48. That Condor is vicariously liable for Cebanas' tortious conduct, including but not limited to his negligence, carelessness, gross negligence, recklessness, negligence per se and/or other wrongful acts of Cebanas, all of which are imputed to Condor.

### Count Four - Negligent Hiring, Training, Supervision and Retention (Condor)

49. The Plaintiffs re-allege the allegations above and incorporate the same by reference herein.

50. Condor negligently hired, trained, supervised and/or retained Cebanas.

51. Condor's hiring, training, supervision and/or retention of Cebanas were direct and proximate causes of the subject crash and resultant damages.

7

**Damages Common to Counts One through Four**

52. Plaintiff Timothy Hopewell is entitled to damages from the Defendants, jointly and severally, which include, but are not limited to:

   a. Past medical expenses;

   b. Future medical expenses;

   c. Past physical pain, suffering, and inconvenience;

   d. Future physical pain, suffering, and inconvenience;

   e. Past and future emotional suffering, inconvenience and mental anguish;

   f. Loss of spousal consortium;

   g. Replacement services;

   h. Damages associated with the increased risk for future injuries, damages and associated mental anguish;

   i. Miscellaneous out of pocket expenses, both past and future, including, but not limited to, transportation costs, medical equipment, and accommodations to the home;

   j. Punitive damages; and

   k. Any and all other damages to which Timothy Hopewell may be entitled.

53. The Estate of Pamela Hopewell is entitled to damages from the Defendants, jointly and severally, which include, but are not limited to:

   a. Medical expenses;

   b. Pain and suffering;

   c. Pre-impact emotional distress;

   d. Funeral and burial expenses;

  e. Punitive damages; and

  f. Any and all other available damages to which the Estate may be entitled.

### Count Five – Wrongful Death of Pamela Hopewell

 54. The Plaintiffs re-allege the allegations above and incorporate the same by reference herein.

 55. The Defendants' actions caused the wrongful death of Pamela Hopewell, resulting in damages recoverable under KRS 411.130 and KRS 411.133.

 56. The Estate of Pamela Hopewell is entitled to damages from the Defendants, jointly and severally, which include, but are not limited to:

  a. Medical expenses;

  b. Pain and suffering;

  c. Pre-impact emotional distress;

  d. Funeral and burial expenses;

  e. Punitive damages; and

  f. Any and all other available damages

**WHEREFORE**, Plaintiffs, by counsel, demand as follows:

 1. That the Clerk of this Court issue Summons to each Defendant herein.

 2. Judgment for the Plaintiffs against the Defendants, jointly and severally, for all damages to which the Plaintiffs are entitled, including both compensatory and punitive damages.

 3. Prejudgment and post-judgment interest to the extent permitted by law.

 4. The recoverable costs of pursuing this action.

 5. Trial by jury; and

 6. All other just and proper relief to which the Plaintiffs may be entitled from the

9

Defendants, including the right to amend this Complaint.

                    Respectfully Submitted,

                    /s/ *Jonathan B. Hollan*
                    **SAM AGUIAR INJURY LAWYERS, PLLC**
                    Sam Aguiar
                    Jonathan B. Hollan
                    1900 Plantside Drive
                    Louisville, KY 40299
                    Telephone: (502) 400-6969
                    Facsimile: (502) 491-3946
                    sam@kylawoffie.com
                    jhollan@kylawoffice.com
                    *Counsel for The Estate of Pamela Hopewell*

-and-

                    /s/ *Brian Brownfield*
                    **BROWNFIELD DUFOUR, PLLC**
                    Brian Brownfield
                    607 West Main Street
                    Suite 301
                    Louisville, KY 40202
                    Telephone: (502) 458-5222
                    brian@bdlawky.com
                    *Counsel for Timothy Hopewell, Individually*

Filed   21-CI-004609   08/11/2021   David L. Nicholson, Jefferson Circuit Clerk

6F790822-9DA0-454F-8886-17EA98986024 : 000011 of 000017

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

# PLAINTIFFS' EXHIBIT 1

Filed          21-CI-004609    08/11/2021    David L. Nicholson, Jefferson Circuit Clerk
Filed          21-P-003102     06/14/2021    David L. Nicholson, Jefferson Circuit Clerk

| AOC-807    Doc. Code: CQ |  | Case No. _____ |
|---|---|---|
| Rev. 6-10 | | |
| Page 1 of 1 | | Court _____ District |
| Commonwealth of Kentucky | **CERTIFICATE** | |
| Court of Justice | **OF QUALIFICATION** | County  Jefferson |
| www.courts.ky.gov | | |

IN Re: Estate of  PAMELA JEAN HOPEWELL

Proper petition having been filed and the Court having appointed  Timothy R. Hopewell

as Administrator

of the above estate on the  5  day of  August , 2 021 , and the fiduciary having

filed in Court bond in the sum of $  0.00 , the amount fixed, with  out surety

_____ as surety,

which was approved by the Court, said fiduciary was thereupon duly sworn as required by law and thus qualified on the above date.

The above Order and Qualification is in full force and effect this  August 5, 2021
                                                                     (Date)

Attest: _____ Clerk

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON DISTRICT COURT
LOUISVILLE, KENTUCKY
By: _____ D.C.
                Deputy Clerk

Presiding Judge: HON. JESSICA A. MOORE (730069)
Presiding Judge: HON. AUDRA J. ECKERLE (630291)

Filed          21-P-003102     06/14/2021    David L. Nicholson, Jefferson Circuit Clerk
Filed          21-CI-004609    08/11/2021    David L. Nicholson, Jefferson Circuit Clerk

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **21-CI-004609**<br>Court:    **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **HOPEWELL, TIMOTHY VS. CONDOR TRANS INC. ET AL**, *Defendant*

TO:    **CONDOR TRANS INC.**
    **1000 GROVE DRIVE**
    **APT 1B**
    **MOUNT PROSPECT, IL 60056**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*
Jefferson Circuit Clerk
Date: **8/11/2021**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

---

Summons ID: @00000980486
CIRCUIT: 21-CI-004609 Long Arm Statute – Secretary of State
HOPEWELL, TIMOTHY VS. CONDOR TRANS INC. ET AL



Page 1 of 1



| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **21-CI-004609**<br>Court:     **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **HOPEWELL, TIMOTHY VS. CONDOR TRANS INC. ET AL**, *Defendant*

**TO:** **DIMITRII CEBANAS**
**390 THORNHILL COURT**
**APARTMENT D1**
**SCHAUMBURG, IL 60193**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ David L. Nicholson*
Jefferson Circuit Clerk
Date: **8/11/2021**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20____        _____
                                                        Served By

                                                    _____
                                                        Title

---

Summons ID: @00000980487
CIRCUIT: 21-CI-004609 Long Arm Statute – SOS - Restricted Delivery
HOPEWELL, TIMOTHY VS. CONDOR TRANS INC. ET AL



Page 1 of 1

eFiled

| | |
|---|---|
| CIVIL ACTION NO. _____ | JEFFERSON CIRCUIT COURT<br>DIVISION NO. \_\_\_\_\_<br>HON. JUDGE _____ |

*Electronically Filed*

TIMOTHY HOPEWELL, Individually and as    PLAINTIFFS
Administrator of The Estate of Pamela Hopewell

v.          **NOTICE OF ELECTION OF ELECTRONIC SERVICE**

CONDOR TRANS INC., et al.          DEFENDANTS

*** *** *** *** *** ***

Comes the Plaintiff, the Estate of Pamela Hopewell, by counsel, pursuant to CR 5.02(2), and hereby gives notice that counsel for Plaintiff elect to effectuate and receive service of documents via electronic means. The undersigned counsel agrees to accept electronic service at the following addresses:

    sam@kylawoffice.com
    jhollan@kylawoffice.com
    pleadings@kylawoffice.com

Pursuant to CR 5.02(2), all Parties are requested to promptly provide counsel for Plaintiff with an electronic address at which they may be served with documents via electronic means.

    Respectfully Submitted,

    /s/ *Jonathan B. Hollan*
    **SAM AGUIAR INJURY LAWYERS, PLLC**
    Sam Aguiar
    Jonathan B. Hollan
    1900 Plantside Drive
    Louisville, KY 40299
    Telephone: (502) 400-6969
    Facsimile: (502) 491-3946
    sam@kylawoffie.com
    jhollan@kylawoffice.com
    *Counsel for The Estate of Pamela Hopewell*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Election of Electronic Service was electronically filed with the Complaint and Summonses in this action and a request made of the Circuit Clerk that the Notice be served with the Complaint and Summons upon all named Defendants.

/s/ Jonathan B. Hollan
*Counsel for The Estate of Pamela Hopewell*

2